# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Cheryl Hammond, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No.: N18A-10-011 SKR |
| | ) | |
| Unemployment Insurance Appeals Board, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: March 7, 2019
Decided: May 22, 2019

*Upon Appeal from the Unemployment Insurance Appeals Board*:
AFFIRMED.

Cheryl Hammond, *pro se*, Appellant.

Victoria W. Counihan, Esq., Deputy Attorney General, Attorney for Delaware Department of Labor, Division of Unemployment Insurance.

**Rennie, J.**

## ORDER

Before the Court is *pro se* appellant, Cheryl Hammond's ("Hammond"), appeal[1] from a decision[2] of the Unemployment Insurance Appeals Board (the "Board"), dated October 18, 2018. In that decision, the Board refused to review a

---

[1] Notice of Appeal (Trans. ID. 62607372).
[2] Record on Appeal at 56–58 ("R. on Appeal"), October 18, 2018 Decision of the Unemployment Insurance Appeals Board.

Claims Deputy's Determination because Hammond's appeal of that Determination was untimely. Upon consideration of Hammond's briefs on appeal,[3] and the record in this case, it appears to the Court that:

1. On August 16, 2018, the Division of Unemployment Insurance of the Delaware Department of Labor (the "Division") issued Determination No. 11100650 ("0650 Determination"),[4] finding that Hammond was not eligible for unemployment benefits from her employment with the Delaware Technical & Community College.[5] On August 23, 2018, the Division issued Determination No. 61102769 ("2769 Determination"),[6] which required Hammond to repay those benefits made to her for which, according to the 0650 Determination, she was ineligible.

2. On September 7, 2018, Hammond appealed the 2769 Determination to an Appeals Referee.[7] The Division notified Hammond that, because her appeal from

---

[3] Opening Letter Brief (Trans. ID. 62782429); Reply Letter Brief (Trans. ID. 62980236). The Delaware Department of Labor, Division of Unemployment Insurance sent a letter (Trans. ID. 63044564) to the Court after the deadlines set in the briefing schedule. Although the letter stated that the Division did not "intend to file an Answering Brief in this matter," it provided the general context of this case and addressed Hammond's arguments on appeal. Because the Division's letter was filed after the time assigned for the Answering Brief had passed, the Court will not consider that letter in rendering its decision in this appeal.

[4] R. on Appeal 14, August 16, 2018 Determination.

[5] Because the issue on appeal relates solely to the timeliness of Hammond's appeal from the Determinations, and not the merits of the denial of her benefits, this Order will not discuss the specific factual circumstances of, including the reason for, the denial.

[6] R. on Appeal 15, August 23, 2018 Determination.

[7] R. on Appeal 16, Appeal Request Notification from the 2769 Determination. The Court notices that the Board, in its October 18, 2018 decision, indicated that Hammond appealed both the 0650 and 2769 Determinations. The record, however, includes only Hammond's appeal request of the 2769 Determination. Nevertheless, the Court will come to the same conclusion in this matter either Hammond's appeal involved only the 2769 Determination or both Determinations.

the 2769 Determination was untimely, the review of the appeal would be limited solely to the issue of timeliness.[8] The Appeals Referee held a hearing on that matter, and at the hearing, reiterated that "the only issue" that he could address was "timeliness."[9] In his decision[10] issued on September 25, 2018, the Appeals Referee found that Hammond's appeal was filed beyond the statutorily required time limit, and therefore the underlying 2769 Determination was deemed final and binding. Hammond again appealed, this time before the Board.[11] On October 18, 2018, without a hearing,[12] the Board issued a decision affirming the Appeals Referee. Hammond appealed the Board's decision to this Court.

3. The Court's review of an appeal from a decision of the Board is limited to determining whether the Board's decision is "free from legal error" and supported by "substantial evidence."[13] Here, the issue on appeal has nothing to do with the merits of Hammond's underlying petition for unemployment benefits, but is limited

[8] R. on Appeal 19, September 12, 2018 Determination.

[9] R. on Appeal 28–49, Transcript of Appeals Referee Hearing at 12 ("Referee Transcript").

[10] R. on Appeal 10–12, Appeals Referee Decision.

[11] R. on Appeal 54, Appeal Request Notification from the Appeals Referee Decision.

[12] On appeal, Hammond complained that she was not provided with an opportunity to argue her case in front of the Board. The statute does not require a hearing before the Board as a matter of right. Instead, the Board may "on its own motion, affirm, modify, or reverse" any decision of the Appeals Referee on the basis of "the evidence previously submitted to the [Referee]." 19 *Del. C.* § 3320.

[13] *Morrison v. Unemployment Ins. Appeal Bd.*, 2013 WL 5786417, at *3 (Del. Super. Oct. 18, 2013) (internal citations omitted).

solely to whether Hammond's appeal of the Division's 2769 Determination to the Appeals Referee was filed in a timely manner. The Court finds that it was not.

4. Title 19, Section 3318 provides that, unless a claimant files an appeal within 10 calendar days after a Claims Deputy's determination was mailed to the claimant's last known address, such determination "shall be final and benefits shall be paid or denied in accordance therewith."[14] In this case, the 2769 Determination was mailed to Hammond on August 23, 2018. Thus, Hammond had until September 4, 2018 to file an appeal of the Determination.[15] However, Hammond did not file her appeal until September 7, 2018, which was beyond the statutory period. At the Appeals Referee hearing, Hammond admitted that she received the 2769 Determination and knew that "[the deadline] was Sunday."[16] There is no evidence that Hammond's late appeal was attributed to any mistake or error of the Division. Rather, the untimeliness of the appeal was solely caused by Hammond herself.[17] Therefore, the Court agrees with the Board that Hammond failed to appeal the

---

[14] 19 *Del. C.* § 3318(b).

[15] The 10th calendar day after the mailing of the 2769 Determination fell on September 2, 2018. Because September 2, 2018 was a Sunday and September 3, 2018 was the Labor Day Holiday, the deadline for Hammond to appeal from that Determination was September 4, 2018.

[16] Referee Transcript at 14. This was a misperception as the deadline was in fact two days later on Tuesday, September 4, 2018. But even if Hammond incorrectly "figured [she] had already missed [the deadline]," had she used sufficient diligence in effectuating the appeal on the next business day, she would still have been timely. Instead, Hammond waited for a couple more days and filed her appeal eventually on September 7, 2018.

[17] During the Appeals Referee hearing, Hammond admitted that she did not file the appeal in a timely manner because of personal and familial reasons. Referee Transcript at 14–15.

Claims Deputy's 2769 Determination within the statutorily-required timeframe, and the Determination is final, legally binding and not subject to further review.[18]

For all the reasons stated above, the Board's October 18, 2018 decision is **AFFIRMED**.

    **IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[18] In her briefs, Hammond did not focus on the timeliness issue, which is the sole issue on appeal. Rather, Hammond devoted her briefs to the argument regarding the length of time it took for the Division to discover that she was receiving benefits to which she was not entitled. Since this specific issue was not addressed in the below proceedings and therefore not within the purview of this appeal, the Court will not address it in this Order.